# Exhibit A

*IN THE SUPERIOR COURT OF LOWNDES COUNTY*
*STATE OF GEORGIA*

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2014 AUG 27  AM 11: 50

*Beth C. Greene*
CLERK OF SUPERIOR STATE

| | |
|---|---|
| CHARLES GRINER, | : |
| Plaintiff, | : |
| vs | : |
| | : |
| DISHFORCE, LLC,   and | : |
| DETRA HOPE SECKINGER, | : |
| | : |
| Defendants. | : |
| | : |

CIVIL ACTION
FILE NO:  2014 CV 1776

## TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said Court and serve upon Gary L. Moser, Moser Rose Attorneys, Plaintiff's Attorney, whose address is 1706 N. Patterson Street, Valdosta, Georgia  31601 or P. O. Box 1451, Valdosta, Georgia 31603-1451 an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 27ᵗʰ day of August, 2014

*Stacy Barrett*
Dep. CLERK OF COURT

IN THE SUPERIOR COURT OF LOWNDES COUNTY
STATE OF GEORGIA

LOWNDES COUNTY, GEORGIA
FILED IN OFFICE

2014 AUG 27  AM 11: 50

*Beth C. Greene*
CLERK OF SUPERIOR STATE

| | | |
|---|---|---|
| CHARLES GRINER, | : | |
| | : | |
| Plaintiff, | : | |
| vs | : | CIVIL ACTION |
| | : | FILE NO:  2014 CV 1776 |
| DISHFORCE, LLC,  and | : | |
| DETRA HOPE SECKINGER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

**COMES NOW, Charles Griner,** Plaintiff in the above-styled civil action, and makes and files this his complaint for damages and shows this Court:

## INTRODUCTION

### 1.

Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA").  Plaintiff asserts that Defendants failed to pay Plaintiff minimum wage and proper overtime compensation in violation of the FLSA.

## PARTIES, JURISDICTION, AND VENUE

### 2.

**Charles Griner** ("Plaintiff") is a resident of Union County, Georgia.

### 3.

Defendant **Dishforce, LLC,** ("Defendant Dishforce") is a Georgia Limited Liability Company, with its principal place of business in Lowndes County, Georgia and is therefore subject to the jurisdiction and venue of this Court. Defendant may be served through its registered agent, Ms. Detra Hope Seckinger, at 4404 Summerlin Drive, Valdosta, Georgia 31605.

4.

Defendant **Detra Hope Seckinger**, ("Defendant Seckinger") is a resident of Lowndes County, and is therefore subject to the jurisdiction and venue of this Court. Defendant may be served at 4404 Summerlin Drive, Valdosta, Georgia 31605.

5.

Upon information and belief, because of Defendant Seckinger's significant relationship with the operations, management, and control of Defendant Dishforce's labor relations, ownership, financial controls, and other factors, Defendant Dishforce and Defendant Seckinger (Hereafter "Defendants") are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of this instant action.

6.

At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL ALLEGATIONS

7.

The foregoing paragraphs are included herein as though fully set forth below.

8.

Defendant is an authorized contractor retailer of DISH Network L.L.C., and is in the business of marketing, selling, installing, and servicing DISH Network satellites, services, and subscriptions.

9.

Plaintiff is a former employee of the Defendants, who worked for the Defendants from December 2013 through April 2014, as a satellite installer/service technician.

10.

While employed with Defendants, Defendants exercised significant control over Plaintiff and the work he performed.

11.

More specifically, Plaintiff was given a detailed list of daily work orders/tasks which were required to be completed each day.

12.

Furthermore, Plaintiff was required to log in with the Defendants' office/management, and remain logged in all day while performing services and completing work orders on behalf of the Defendants.

13.

Defendants also controlled Plaintiff's schedule, and he was required to work 5 (Five) to 7 (Seven) days a week for Defendants and could not take any days off without notice and/or permission.

14.

While acting as representative for Defendants, Plaintiff was required to use his personal vehicle to travel to and from his various daily work orders/tasks, and was required to identify same as vehicle used for Defendant's business (via plastic/magnetic sign attached thereto).

15.

Furthermore, Defendants knowingly allowed Plaintiff to incur significant fuel costs, mileage, and repair expenses to his vehicle, all while fully accepting the benefits of its use for Defendants' business interests.

16.

Despite benefitting the Defendants, Plaintiff has never been compensated for the costs and expenses he incurred for using his personal vehicle.

17.

Furthermore, Plaintiff was required to purchase several items necessary to perform his daily work orders/tasks directly from Defendants, including but not limited to his uniform, several tools and equipment, and other various supplies.

18.

Defendants not only benefited directly from the sale of the above items, but indirectly from Plaintiff's labor and services with which same were utilized to complete his daily work orders/tasks.

19.

Defendants did agree to compensate Plaintiff by commission of $15.00 (Fifteen Dollars) for each surge protector sold to Defendants' customers.

20.

Plaintiff sold at least forty (40) surge protectors to Defendants' customers, but was not compensated for same.

21.

To date, Plaintiff is owed $600.00 (Six Hundred Dollars) in surge protector commissions from Defendants.

22.

Plaintiff's wages were based on a piecework pay scale of $10 (Ten Dollars) for each job/tasks performed, and he was paid on a weekly basis.

23.

Plaintiff's "regular rate" shifted on a weekly basis depending on his assignments and efficiency for completing same.

24.

Plaintiff's "regular rate" for nearly half the time of his employment with Defendants was below federal minimum wage of $7.25 per hour.

25.

Plaintiff regularly worked over 40 hours during his work week, but was not fully compensated at time and a half his "regular rate" for hours worked in excess of 40 per workweek.

26.

Upon information and belief, Defendants maintained an unlawful wage payment system at all times relevant to the Plaintiff's employment therewith.

27.

At all relevant times, there was no express legal contract between the parties concerning the allegations contained herein.


## FAIR LABOR STANDARDS ACT VIOLATIONS

28.

The foregoing paragraphs are included herein as though fully set forth herein.

29.

Defendants regularly engage in commerce and their employees handle and use goods which have moved in interstate commerce.

30.

At all relevant times, Defendants were employers within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. 201, *et seq.* and are subject to the provisions of such Act.

31.

Plaintiff at all relevant times was an employee of Defendants, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, *et seq.*

32.

During the period of time that Plaintiff was employed by Defendants, the Plaintiff performed work on occasion for which he was not compensated in an amount equal to federal minimum wage, and occasional overtime work for which no additional compensation was paid to him by Defendants in violation of the provisions of the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. 201, *et seq.* More specifically, Defendants violated the FLSA by failing to pay Plaintiff time and a half of "regular rate" wages as overtime pay for time worked in excess of 40 hours a week.

33.

Upon information and belief, the Defendant's pay system was unilaterally imposed upon Plaintiff.

34.

The Defendants' failure to compensate Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

35.

The Defendants' failure to properly administer a scheme of compensation, including but not limited to actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

36.

The Defendants' failure to compensate the plaintiff for all compensable hours was a willful and knowing violation of the FLSA.

37.

As a result of Defendant's willful and knowing failure to properly compensate the Plaintiff, the Plaintiff has suffered substantial delays in receipt of wages owed and damages.

38.

The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

39.

Pursuant to 29 U.S.C. §§ 206, 207, and 216, and because of Defendants' willful violation of FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, all unpaid wages and overtime compensation, and an equal amount in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial.

## UNJUST ENRICHMENT I

40.

The foregoing paragraphs are included herein as though fully set forth herein.

41.

While acting as representative for Defendants, Plaintiff was required to use his personal vehicle to travel to and from his various daily work orders/tasks, and was required to identify said vehicle as being used for Defendant's business (via plastic/magnetic sign attached thereto).

42.

Furthermore, Defendants knowingly allowed Plaintiff to incur significant fuel costs, mileage, and repair expenses to his vehicle, all while fully accepting the benefits of its use for Defendants' business interests.

43.

Despite benefitting the Defendants, Plaintiff has never been compensated for the costs and expenses he incurred for using his personal vehicle.

44.

As such, Defendant was unjustly enriched at Plaintiff's expense, and should be required to reimburse Plaintiff for the associated costs and expenditures of utilizing his personal vehicle for Defendants' professional benefit, in an amount to be proven at trial.

## UNJUST ENRICHMENT II

### 45.

The foregoing paragraphs are included herein as though fully set forth herein.

### 46.

Plaintiff was required to purchase several items necessary to perform his daily work orders/tasks directly from Defendants, including but not limited to his uniform, several tools and equipment, and other various supplies.

### 47.

Defendants not only knowingly benefited directly from the sale of the above items to Plaintiff, but indirectly from Plaintiff's labor and services with which same were utilized to complete his daily work orders/tasks.

### 48.

Despite benefitting the Defendants, Plaintiff has never been compensated for the costs and expenses he incurred for purchasing his uniform, equipment, and supplies.

### 49.

As such, Defendant was unjustly enriched at Plaintiff's expense, and should be required to reimburse Plaintiff approximately $875.00 (Eight Hundred Seventy-Five Dollars) for the associated costs and expenditures of his uniform, equipment, and supplies, which were utilize for Defendants' professional benefit.

## QUANTUM MERUIT

### 50.

Defendants did agree to compensate Plaintiff by commission of $15.00 (Fifteen Dollars) for each surge protector Plaintiff sold to Defendants' customers.

### 51.

Plaintiff sold at least forty (40) surge protectors to Defendants' customers during his employment, and expected compensation at the time those sales were made.

### 52.

To date, Plaintiff has not been compensated, and is owed at least $600.00 (Six Hundred Dollars) in surge protector sale commissions from Defendants.

53.

As such, Defendants unjustly denied Plaintiff his duly earned compensation, and should be required to remunerate Plaintiff with the money he is owed in accordance with quantum meruit, or alternatively under the theory of unjust enrichment.

**WHEREFORE,** Plaintiffs respectfully prays as follows:

A.  That Plaintiff recover compensatory damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216;

B.  That Plaintiff recover from the Defendants the sums set forth above and/or to be proved at trial under theories of unjust enrichment and/or quantum meruit;

C.  That Plaintiff recover an award of attorney's fees, costs, and expenses;

D.  That Defendants make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiffs demand a trial by jury of all triable issues.

F.  Plaintiffs further pray for such additional relief as the interests of justice may require.

Respectfully submitted this ____ day of August, 2014

MOSER ROSE

GARY L. MOSER
STATE BAR NO. 526512
DENTON C. HILL
STATE BAR NO 758379

P O Box 1451
Valdosta, GA 31603
(229) 244-1527